UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

      Plaintiff,

vs.

MK RESTAURANT CONCEPTS, LLC
d/b/a Lokal restaurant and
3190 COMMODORE, LLC

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant MK Restaurant Concepts, LLC doing business as Lokal restaurant and Defendant 3190 Commodore, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendant MK Restaurant Concepts, LLC and Defendant 3190 Commodore, LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

### PARTIES

4.     Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).  Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5.     Defendant MK Restaurant Concepts, LLC (also referenced as "Defendant MK Concepts," "operator," or "lessee") is a Florida limited liability company. Defendant MK Concepts is the owner and operator of the Lokal restaurant.

6.     Defendant 3190 Commodore, LLC (also referenced as "Defendant Commodore," "owner," or "lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio 01-4121-047-0020, with the post address of 3190 Commodore Plaza, Miami, Florida 33133 which is built out as a restaurant operating as the subject Lokal restaurant.

### FACTS

7.     At all times material hereto, Defendant Commodore has leased its commercial property to Defendant MK Concepts who in turn has operated (and continues to operate) its Lokal restaurant within that leased space.

8.     Defendant MK Concepts' Lokal restaurant is a trendy restaurant which specializes in serving gourmet burgers and craft beer. The Lokal restaurant is located at 3190 Commodore Plaza, Miami, Florida 33133 and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Lokal restaurant which is the subject to this action is also referred to as "Lokal restaurant," "restaurant," or "place of public accommodation."

9.     As the owner/operator of a restaurant which is open to the public, Defendant MK Concepts is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10.     Due to the close proximity to Plaintiff's home to Coconut Grove and the Lokal restaurant, on May 25, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11.     Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the Lokal restaurant (Defendant MK Concepts) and by the owner of the commercial property which houses the restaurant (Defendant Commodore).

13.     As the owner and operator of the Lokal restaurant, Defendant MK Concepts is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by

insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14.     As the owner of commercial property which is built out and utilized as a restaurant open to the general public, Defendant Commodore is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15.     As the owner of commercial property which is built out as a restaurant open to the public, Defendant Commodore is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17.     Plaintiff continues to desire to patronize and/or test the Lokal restaurant, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18.     Any and all requisite notice has been provided.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

22.     Prior to the filing of this lawsuit, Plaintiff personally visited the Lokal restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23.     Defendant Commodore and Defendant MK Concepts have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Lokal restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Lokal restaurant.

25.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.     Defendant Commodore's commercial property, which houses Defendant MK Concepts' Lokal restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.     As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), Plaintiff had difficulty using the bar counter, as it is mounted too high and there is no lower portion of the bar counter provided for the use of the patrons. This is a violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.2 of the ADAAG, and Section 902.3 of the 2010 ADA Standards for Accessible Design which states that tops of dining

surfaces and work surfaces must be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

ii.    As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), Plaintiff had difficulty transiting through restaurant, as the interior of the restaurant does not maintain the required clear width requirements creating barriers for people using wheelchairs or other mobility devices. This is a violation of ADAAG Section 4.3.3 and Sections 403.5.1 and 403.5.2 of the 2010 of the 2010 ADA Standards for Accessible Design. Section 4.3.3 states that the minimum clear width of an accessible route is 36 inches (915 mm). Section 403.5.1 states that the clear width of walking surfaces shall be 36 inches, and Section 403.5.2 states that where an accessible route makes a 180 degree turn around an element (which is less than 48 inches wide), the clear width requirement is 42 inches (1065 mm) minimum approaching the turn, 48 inches (1220 mm) minimum at the turn and 42 inches (1065 mm) minimum leaving the turn. The Lokal restaurant interior space is in violation of these requirements.

iii.    As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), the seating provided at the restaurant  does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design. A minimum number of  fixed or built-in seating or tables are required to be accessible (as defined by Section 4.1) and must comply with Section 4.32 which states that seating spaces for people in wheelchairs must provide clear

floor space (Section 4.2.4), and that clear floor space shall not overlap knee space by more than 19 in (485 mm) (see Fig. 45).  Section 4.2.1 states that the minimum clear floor or ground space required to accommodate a single, stationary wheelchair and occupant is 30 in by 48 in (760 mm by 1220 mm) (see Fig. 4(a)).

iv.     As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), Plaintiff was unable to sit in the interior of the restaurant and enjoy a meal due to the fact that the restaurant has not provided a sufficient number of accessible dining seating and surfaces which is in violation of Section 5.1 of the ADAAG and Section 226 of the 2010 ADA Standards for Accessible Design. Section 5.1 requires (wheelchair) access for a minimum of 5% of fixed or built-in tables distributed throughout dining areas. The required clear width (36 inches minimum) is specified for the clearance between the edges of fixed tables or between table edges and walls.  Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the dining seating and standing spaces.

v.      As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), Plaintiff had difficulty locking the restroom door without assistance, as the locking hardware is non-compliant and requires grasping and turning of the wrist to operate. Failure to provide door hardware which is accessible to the disabled is a violation of Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards for Accessible Design. Section 4.13.9 states that handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand and Section 4.27.4 requires

controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds. The subject restroom door is in violation of all these sections.

vi.    As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted too high from the finished floor. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finished floor measured to the top of the gripping surface. Section 604.5.1 states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall (as depicted in Figure 604.5.1).

vii.    As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted too high from the finished floor. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 measurement requirements are delineated at subsection (vi) of this paragraph. Section 604.5.2 states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side (as depicted in Figure 604.5.2).

viii.   As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

ix.    As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not use the lavatory mirror as the lavatory

mirror is mounted too high. This is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that  mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

x.   As to Defendant MK Concepts (operator of the restaurant) and Defendant Commodore (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not flush the toilet without assistance, as the toilet water closet flush control is toward the side wall which is in violation of Section 4.16.5 of the ADAAG which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The non-compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet  (except  in  ambulatory accessible compartments  complying  with Section 604.8.2).

xi.   As to Defendant MK Concepts  (operator  of  the  restaurant)  and Defendant Commodore (owner of the commercial property) (jointly and severally), as to the men's  accessible  restroom,  Plaintiff  could  not  use  the  lavatory sink  without assistance, as the lavatory sink does not provide knee clearance above the finished

floor to bottom leading edge of fixture at 8" horizontal projection. This failure is in violation of 28 C.F.R. Part 36, Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor The appropriate height must be 27" (685 mm) high, the width should be 30" (760 mm) wide, and the depth underneath the sink should be 19" (485 mm).  This is also a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34" above the finished floor.

28.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants have been required to make the commercial property and the Lokal restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to alter the commercial property and the Lokal restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant 3190 Commodore, LLC (owner of the commercial property) and Defendant MK Restaurant Concepts, LLC (lessee of the commercial property and operator of the Lokal restaurant located therein) and requests the following injunctive and declaratory relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring Defendants to alter the commercial property and the Lokal restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorneys fees; and

e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 29th day of August, 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*